Maria Cedeno Cassinelli (BBO #712274)
mcedeno@odulawfirm.com
Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone: (401) 209-2029
Facsimile: (401) 217-2299

*Attorneys for Plaintiff*
*Elinton Borges Benardo*

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

ELINTON BORGES BENARDO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LASERSHIP, INC. d/b/a ONTRAC FINAL MILE, MVN SHIPPING LLC, and HECTOR PEREZ,

Defendants.

Case No. ____________________

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**

1. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;**
2. **Violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq.*;**
3. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151 § 1 *et seq*.**

**<u>DEMAND FOR JURY TRIAL</u>**

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## TABLE OF CONTENTS

Page

SUMMARY OF THE ACTION ..... 1

PARTIES ..... 1

JURISDICTION ..... 5

VENUE ..... 5

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ..... 5

Mr. Borges Benardo Worked for Defendants as a Driver Earning Less Than Minimum Wage and Was Not Compensated For Any Overtime ..... 5

Mr. Borges Benardo Was Improperly Classified as an Independent Contractor ..... 8

Defendants Constitute Joint Employers and Operated as an Integrated Enterprise ..... 14

Plaintiff has Exhausted his Administrative Remedies and Brings This Action ..... 17

DEFENDANTS' GENERAL EMPLOYMENT PRACTICES ..... 18

FLSA COLLECTIVE ACTION CLAIMS ..... 19

CLASS ACTION CLAIMS ..... 21

CLAIMS FOR RELIEF ..... 26

PRAYER FOR RELIEF ..... 37

DEMAND FOR JURY TRIAL ..... 39

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff Elinton Borges Benardo ("Plaintiff" or "Mr. Borges Benardo") individually and on behalf of those similarly situated, brings this action against LaserShip, Inc. d/b/a OnTrac Final Mile ("OnTrac"), MVN Shipping LLC ("MVN") and Hector Perez ("Perez") who formerly did business as MVN (collectively, "Defendants"), to assert his rights and remedy grave and rampant violations committed by Defendants over the course of several years. Mr. Borges Benardo is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.; the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq*.; the Massachusetts misclassification laws, Mass. Gen. Laws c. 149 § 148B *et seq.;* and the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws c. 151 § 1 *et seq*. Mr. Borges Benardo hereby alleges as follows:

## PARTIES

2. Plaintiff, Elinton Borges Benardo, is a resident of Massachusetts.

3. At all times relevant herein, Mr. Borges Benardo was employed by Defendants in the Commonwealth of Massachusetts.

4. Lasership Inc., d/b/a OnTrac Final Mile is a foreign corporation organized under Delaware law that maintains an office at 401 West Cummings Park, Suite 1150, in Woburn, MA 01801. Its registered agent is Corporation Service Company located at 84 State Street, Boston, MA 02109.

5. MVN Shipping LLC is a domestic corporation organized under Massachusetts law that maintains an office at 67 Lincoln Street at Seekonk, MA 02771. Its registered agent is Maria E. Gutierrez located at the same address.

6. Defendant Hector Perez is an individual and believed to be a resident of the Commonwealth of Massachusetts. Defendant Perez is sued individually in his capacity as owner,

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

officer, and/or agent of the delivery business operating under the name MVN Shipping LLC. Throughout Plaintiff's employment, Defendant Perez possessed and exercised operational control over MVN, including: personally determining wages and compensation rates for Plaintiff and all other similarly situated drivers; establishing work schedules and route assignments; maintaining (or failing to maintain) employment records; exercising authority to hire and fire drivers; directly communicating work requirements and disciplinary matters to drivers; and making decisions regarding business policies and practices. Defendant Perez had actual knowledge of the hours Plaintiff and other drivers worked, the compensation structure, and the failure to pay minimum wage and overtime, yet failed to ensure compliance with federal and state wage and hour laws.

7. Throughout Plaintiff's employment, Defendant Perez, who at the time was d/b/a MVN Shipping LLC although unincorporated, was a subcontractor for Defendant OnTrac.

8. Indeed, throughout Plaintiff's employment from December 2022 through July 2024, Defendant Hector Perez operated a delivery business under the name "MVN Shipping LLC" as unincorporated sole proprietorship. During this period, it is believed that the business was located at 2178 Mendon Road, Suite 375 in Cumberland, RI 02864. Mr. Perez personally controlled all aspects of this business, including hiring, compensation, work assignments, disciplinary actions, and all employment decisions affecting Plaintiff and other drivers.

9. On February 25, 2025, after Plaintiff's termination and upon information and belief in anticipation of potential litigation, Defendant Perez caused MVN Shipping LLC to be formed as a separate corporate entity under Massachusetts law. This post-termination corporate formation does not shield Defendant Perez from individual liability for wage and hour violations that occurred during the period when he operated the business in his individual capacity. All allegations in this Complaint regarding 'MVN' or 'MVN Shipping LLC' during Plaintiff's employment refer to the unincorporated business operated by Defendant Perez individually.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

10. Upon information and belief, Defendant Perez serves or served as owner, manager, principal, or agent of Defendant Corporations and, throughout these corporate entities, operates or operated the business as a joint and unified enterprise.

11. At all times relevant, Defendants were Mr. Borges Benardo's (and all other similarly situated employees') employers within the meaning of all relevant statutes.

12. Each Defendant possessed substantial control over Plaintiff's and all other similarly situated employees' working conditions, and over the policies and practices with respect to employment and compensation. Defendants jointly controlled Plaintiff's working conditions through: (a) OnTrac's provision of uniforms, scanning equipment, drug testing requirements, and workplace policies; (b) OnTrac's direct supervision and discipline of drivers through on-site managers including David and Branden; (c) Perez/MVN's implementation of OnTrac's directives regarding routes, schedules, delivery requirements, and performance standards; (d) shared responsibility for compensation decisions, with OnTrac's business model and rates determining the funding that flowed through Perez/MVN to drivers; (e) integrated operations where OnTrac's delivery business depended entirely on Perez/MVN's driver workforce; and (f) joint exercise of authority to hire, fire, discipline, and set the terms and conditions of employment. Defendants operated as an integrated enterprise with respect to Plaintiff and all similarly situated drivers.

13. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all other employees to work without providing the proper minimum wage or overtime compensation required by federal and state law and regulations.

14. At all relevant times herein, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately for any hours worked at the correct rate of pay.

15. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

16. Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

17. Defendants, both separately and jointly, are believed to have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

18. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting interstate commerce. Defendants' delivery operations constituted interstate commerce in that they: (a) transported goods and packages that had been shipped from outside Massachusetts to recipients within the Commonwealth; (b) regularly handled goods that were produced outside Massachusetts and were part of the stream of interstate commerce; (c) provided delivery services as part of a national logistics and transportation network; and (d) facilitated the movement of commercial goods across state lines. Plaintiff's work was essential to this interstate transportation and delivery of goods. Plaintiff himself was required to deliver boxes across state lines into states including Rhode Island.

19. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as a collective action under 29 U.S.C. § 216(B); and for violations of M.G.L. Chapter 149 § 148 and M.G.L. Chapter 151, § 1 *et seq.*, as class actions under Federal Rule of Civil Procedure 23 with respect to his Massachusetts wage law claims, including applicable liquidated damages, interest, attorneys' fees and costs.

20. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b); and a certification as a class action under Federal Rule of Civil Procedure 23 with respect to his Massachusetts wage law claims.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## JURISDICTION

21. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Mr. Borges Benardo asserts claims arising under federal law. Specifically, this action arises pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

22. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

23. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendants because they were "at home" within this District and have sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

24. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants operate their business in this district and are deemed to reside in this District. Furthermore, Plaintiff was employed by Defendants in this District.

25. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Mr. Borges Benardo Worked for Defendants as a Driver Earning Less Than Minimum Wage and Was Not Compensated For Any Overtime

26. Mr. Borges Benardo was hired by Defendants as a driver on or around December 6, 2022. He worked continuously for Defendants until his termination on or around July 31, 2024. Throughout his employment, Plaintiff was assigned delivery routes primarily in the Franklin,

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Massachusetts area, and surrounding communities within Massachusetts, including routes extending to Cape Cod.

27. Plaintiff's, and all other similarly situated employees, duties did not require discretion or independent judgment.

28. Plaintiff regularly handled goods in interstate commerce, such as packages, which were produced and sent from outside the Commonwealth of Massachusetts.

29. Defendants incorrectly misclassified Plaintiff and all similarly situated individuals as independent contractors. However, Plaintiff and proposed class are indeed employees of Defendants within the meaning of all relevant statutes.

30. Mr. Borges Benardo worked for Defendants at the OnTrac Massachusetts terminal in Franklin, MA. He was required to use his own personal vehicle to make deliveries, without any reimbursement for vehicle expenses, maintenance, insurance, or fuel costs beyond the per-package or pay-route payments described below.

31. The Plaintiff's work, in whole or in part, is that of a driver, of a motor vehicle weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce.

32. Throughout his employment, Mr. Borges Benardo was compensated solely on a per-package or per-route basis as described below, despite regularly working 12-20-hour days, seven days a week, or 84 to 140 hours worked per week. The payment structure changed multiple times during his employment (initially per-box, later per-route with additional per-stop payments), but at no time was Plaintiff paid on an hourly basis or provided minimum wage and overtime compensation as required by law.

33. Mr. Borges Benardo was improperly classified as an independent contractor rather than an employee, receiving a 1099 at the end of each calendar year.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

34. When he initially started in December 2022, Defendants would pay a route price as well as a flat rate for each box which ranged from $2.00 to $2.25 per route price, regardless of the time required to complete delivered or the number of hours Plaintiff worked each day.

35. In January of 2023, Defendants lowered rates of compensation, telling employees that they could leave if they had complaints, but they wouldn't find any better employment.

36. Around January 2023, the compensation structure changed from per-box to per-route. Mr. Borges Benardo took an additional route in the Cape which started at $2.50 per stop/route. Defendants then lowered the price to $2.40 per route and $0.50 for each repeated delivery to the same address. Soon after, Defendants further reduced the Cape route to $2.25 and other routes to $2.15 per route/stop, with repeated deliveries were set at $0.25.

37. Sometime after this, in January 2024, Defendants then lowered the price to $2.00 for the Cape route, paying $2.15 for the other routes, and stopped paying for the repeated deliveries which meant that if Mr. Borges Benardo had twenty deliveries to the same house or to a condominium, Defendants only paid for the first delivery out of those twenty.

38. After a month, Defendants returned to paying $0.25 for repeated deliveries. However, not even one month passed when they lowered the other routes to $2.00 again (with a $2.10 cap) and they no longer paid for repeated deliveries.

39. Plaintiff, along with other similarly situated employees, was compensated solely based on the number of mail pieces or stops delivered, with no consideration for the hours worked.

40. At no point were Plaintiff or these other similarly situated employees paid on an hourly basis or in accordance with either the federal or state minimum wage requirements. Additionally, despite regularly working well in excess of 40 hours per week, Plaintiff and other drivers were never paid the overtime premium of one and one-half times the applicable minimum wage for hours worked over 40 per week, as required under federal and state laws.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

41. Based on the compensation rates described above and the hours Plaintiff worked, his effective hourly rate fell well below both the federal minimum wage of $7.25 per hour and the Massachusetts minimum wage (which was $14.25 per hour in 2022 and increased to $15.00 per hour effective January 1, 2023). For example, during weeks when Plaintiff worked approximately 80-140 hours (20-hour days for 4-7 days), his total weekly compensation based on packages delivered ranged from approximately $1,000.00 to $2,000.00, resulting in an effective hourly rate far below the applicable minimum wage. Even during shorter weeks, Plaintiff's effective hourly rate never approached minimum wage, and he was never paid the overtime premium for hours worked over 40 per week.

42. The compensation rates set by Defendants were wholly inconsistent, arbitrary, and unilaterally imposed. Defendants regularly reduced rates without notice or explanation. Every time Defendants adjusted their rates downward, they threatened employees including Plaintiff, stating that they would not find better pay or employment elsewhere and that anyone who complained could leave. These threats were designed to prevent drivers from questioning the unlawful compensation structure. Importantly, Plaintiff was paid the same total amount regardless of whether he worked 40 hours or 100+ hours in a given week; the payment was based solely on packages delivered, not time worked.

**<u>Mr. Borges Benardo Was Improperly Classified as an Independent Contractor</u>**

43. Under Massachusetts law, individuals performing services for another are presumed to be employees unless the hiring entity satisfies all three prongs of the 'ABC test' set forth in M.G.L. c. 149, § 148B. Specifically, an individual is an employee unless: (A) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; (B) the service is performed outside the usual course of the business of the employer; and (C) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

nature as that involved in the service performed. Similarly, under the FLSA, classification depends on the 'economic reality' of the relationship, considering factors including: the extent to which the work is integral to the employer's business; the worker's opportunity for profit or loss; the extent of investments by worker and employer; whether the work requires special skills; the permanency of the relationship; and the degree of control exercised by the employer. Under both tests, Plaintiff and all similarly situated drivers were employees, not independent contractors.

44. Defendants misclassified Plaintiff and other similarly situated employees as independent contractors to evade their obligations under federal and state wage and hour laws. This misclassification is unlawful under both the FLSA's 'economic reality' test and the Massachusetts' 'ABC' test. The surrounding circumstances, including Defendants' extensive control over Plaintiff and other similarly situated employees' schedules, work methods, compensation, and working conditions, establish Plaintiff and all other similarly situated individuals were employees of Defendants, not independent contractors.

45. Mr. Borges Benardo was required to wear a uniform provided by Defendants and further required to use his own personal vehicle to make deliveries. Defendants set the routes that Mr. Borges Benardo would take on a daily basis and would determine the price charged for his services from OnTrac and/or the customers directly.

46. Mr. Borges Benardo had no power or authority to set any conditions of his employment, not even the amount charged for the services he provided. Defendants determined Mr. Borges Benardo's pay structure as well as the rate charged to customers.

47. Defendants' entire business is providing parcel delivery services to customers. Plaintiff's work as a delivery driver was integral to and inseparable from Defendants' core business. Defendants could not operate without drivers performing the exact work Plaintiff performed. Plaintiff did not provide services that were outside the usual course of Defendants' business; rather, his work was the central function of Defendants' business operations.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

48. Mr. Borges Benardo's ability to take on additional jobs or operate an independent business was impossible given that he worked twelve to twenty hour days, seven days a week for Defendants. Plaintiff had no realistic opportunity to provide delivery services to other clients, develop his own customer base, or engage in any independently established trade or business. His work for Defendants was not one client among many; it was full-time (and beyond) work for a single employer.

49. Mr. Borges Benardo had no opportunity for profit or loss based on his own managerial skill or business decisions. He could not negotiate rates, choose which packages to deliver, set his own routes, or attract his own customers. His 'earnings' (which fell below minimum wage) were determined entirely by: (a) the number of packages Defendants assigned to him; (b) the rates Defendants unilaterally set and repeatedly reduced; and (c) Defendants' requirement that he complete all assigned deliveries regardless of time required. Plaintiff had no meaningful opportunity to increase earnings through business acumen or independent decision-making. He simply delivered the packages Defendants assigned at the rates Defendants dictated.

50. Defendants did not reimburse Mr. Borges Benardo for vehicle expenses including gas, maintenance, insurance, or depreciation, despite requiring him to use his personal vehicles for all delivered. Additionally, Defendants mandated that he pay Defendants roughly $48 a week, which Defendants characterized as "insurance" and for the use of the tracking application that monitored drivers' hours and location at all times. This application allowed Defendants to exercise real-time control over drivers. These deductions further reduced Plaintiff's already sub-minimum-wage compensation and demonstrate that Plaintiff bore business expenses that should have been borne by his employer, inconsistent with independent contractor status.

51. On December 30, 2022, Mr. Borges Benardo suffered what came to be the first of many episodes of threats and harassment by Defendants. Specifically, on that day, his manager, Vanessa Mourao, had asked him to pass some deliveries to another new driver. However, when

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

that driver failed to do his work properly, Mr. Borges Benardo was forced to leave his home at 8:50 PM, although not scheduled, to take over the other driver's undelivered items.

52. Mr. Borges Benardo on many occasions throughout his employment was reminded that he was not allowed to end his shift without having delivered every single item he was assigned, forcing him to be on duty and work for Defendants around the clock. Of consequence, should he ever fail to do so, he was equally reminded that he would lose his route, and his employment with Defendants.

53. In compliance with such threats, Mr. Borges Benardo finished working that day around 11:53 PM, not accounting for the time it took to return home as he lives nearly one hour away.

54. On or around January 2, 2023, Mr. Borges Benardo was then assigned to work on a route that was in the Cape Cod region. He was required to arrive as early as 7am and sort all the goods before departing to deliver them. Mr. Borges Benardo was NOT compensated for this labor although it was required.

55. As a result, employees like Mr. Borges Benardo endured a high workload almost every day for more than 12-14 hours at a time, where they were not even afforded any breaks or scheduled time off.

56. At some point in time, in or around the Spring of 2023, Defendants began to threaten to search through employee vehicles in an accusatory manner. Defendants essentially forced such an invasion of privacy, stating that whoever didn't let them search their vehicles would be fired.

57. When Employees collectively objected to these actions, Defendants threatened to call the police.

58. Afraid of these threats, several searches were carried out on several different drivers in an extremely embarrassing manner.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

59. Employees were constantly advised that they were not allowed to miss days regardless of extreme temperatures and municipal stay at home warnings. Instead, despite adverse weather, they were expected to risk their lives to complete all deliveries or else they would lose their jobs.

60. If employees presented to the job site tardy, Defendants would hold meetings where they publicly shamed those employees in front of all other employees. Taking days off at Defendants was frowned upon so in order to take time off while under the employ of Defendants, Mr. Borges Benardo was required to ask for permission several weeks in advance**.**

61. When the end of November came every year, Defendants posted several warnings that no one was allowed to take ANY time off in December. Along with this, all employee workloads would increase because they were required to arrive at the terminal by 5am or 5:30am to begin the separation of deliveries so that around 1pm, everything would be ready for them to load. This meant that Mr. Borges Benardo would work tirelessly from 5am through 1pm, for a total of 8 hours, before being forced to make deliveries from 1pm onward. Often times, he finished around 10pm before being directed to help other people finish their routes. This meant that during this time, Mr. Borges Benardo arrived home at 1am in the morning the next day only to have to be back at work merely 4 hours later for another 5am shift during almost the entire month of December.

62. Mr. Borges Benardo felt an overwhelming sense of compulsion to stay under the employment of Defendants despite such horrendous treatment. Defendants exerted control through intimidation and threats, which created an atmosphere of fear among all workers.

63. Furthermore, being in such a vulnerable position, the threat of losing his job felt like an insurmountable risk to Mr. Borges Benardo. However, when he and other drivers began to speak out against the unlawful and egregious actions of their employer, Defendants decided to

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

terminate Mr. Borges Benardo's employment and effectively blacklist him from all forms of employment in the same field of work.

64. Mr. Borges Benardo then sought employment with other subcontractor companies of OnTrac like MVN. However, he was quickly confronted with Defendants' relentless efforts to retaliate against him and prevent him from any gainful employment in the same field. Indeed, upon information and belief, the same supervisor who had fired him, Ms. Mourao, reached out to every new company he was able to find employment, advising them that Mr. Borges Benardo was "not allowed" to work for them.

65. On October 18, 2024, more precisely, Mr. Borges Benardo presented himself to work with another company. Ms. Mourao called that company and told them that Mr. Borges Benardo was not allowed on the property because she had a restraining order against him which was not true.

66. Ms. Mourao's retaliation did not stop there. She then held subsequent company meetings with current employees to talk about "drivers who had left the company" including Mr. Borges Benardo, and sent various messages on a group chat calling him a "rotten orange" and "a snake who had cut the head of another snake." On October 9, 2024, several employees, including Mr. Borges Benardo contacted Defendants and asked them to stop using their login information. To clarify, Defendants have been unlawfully using former employee logins that possess their private information and allowing other employees to access these accounts to use which is not only a breach of privacy but identity fraud. In response to such requests to cease this activity, Ms. Mourao, on behalf of the Defendants, told them that she would not stop this conduct. Of particular significance, on November 3, 2024, after Mr. Borges Benardo and several other drivers complained of Defendants' unlawful and retaliatory acts to Defendants themselves, Defendants engaged in further retaliatory measures. Specifically, they sent messages to several recipients, including Mr. Borges Benardo's current employers, requesting that they release his personal

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

information as well as the precise location of the terminal so that they could send the police to detain them.

67. The facts described in paragraphs above demonstrate that Defendants exercised the type and degree of control over Plaintiff that is characteristic of an employment relationship. Defendants: dictated when, where, and how Plaintiff performed his work; required Plaintiff to wear uniforms bearing OnTrac's name; mandated use of Defendants' tracking technology; prohibited Plaintiff from refusing assignments; required Plaintiff to complete all deliveries regardless of time required; threatened termination for non-compliance; subjected Plaintiff to drug testing; publicly disciplined Plaintiff; unilaterally set and repeatedly reduced compensation rates; prohibited Plaintiff from taking time off without advance permission; and retaliated against Plaintiff when he complained about unlawful practices. These facts establish employment status under both the FLSA and Massachusetts law.

**Defendants Constitute Joint Employers and Operated as an Integrated Enterprise**

68. OnTrac and Perez/MVN were joint employers of Plaintiff, and all similarly situated drivers under both the FLSA and Massachusetts law. Under the FLSA, joint employment exists where two or more employers share control over a worker's employment, considering factors including: whether the potential joint employers share or allocate responsibility for functions typically performed by employers (such as hiring, firing, discipline, and payroll); whether they have overlapping ownership or management; whether one employer supervises the work of the other's employees; and whether their operations are interrelated to accomplish a common business purpose. Massachusetts law similarly recognizes joint employment where multiple entities share control over workers. Here, OnTrac and Perez/MVN functioned as integrated joint employers with shared control over all aspects of Plaintiff's employment.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

69. Defendants are associated and are joint employers, act in the interest of each other with respect to employees, like Plaintiff, paid employees by the same method, and shared control over employees.

70. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals referred to herein.

71. In fact, OnTrac and Perez/MVN shared and allocated responsibility for essential employment functions. Specifically: (a) OnTrac controlled workplace policies, provided uniforms and equipment, required drug testing, and maintained the terminal facility where drivers reported; (b) Perez/MVN processed payments but at rates and under terms dictated by OnTrac's business model; (c) both entities exercised disciplinary authority over drivers; (d) OnTrac managers (David and Branden) directly supervised and disciplined drivers, including Plaintiff; (e) Perez/MVN managers (including Vanessa Mourao) implemented OnTrac's directives and also exercised independent supervisory authority; and (f) both entities participated in decisions to terminate drivers, including Plaintiff.

72. Both OnTrac and Perez/MVN exercised the power to hire and fire Plaintiff and other drivers. OnTrac controlled essential terms and conditions of employment including work schedules, delivery requirements, performance standards, and workplace policies. Perez/MVN also controlled terms and conditions including route assignments and immediate supervision. The compensation structure was a joint function: OnTrac's rates and business model determined the funding available, while Perez/MVN processed payments and made decisions about rate reductions. Both entities benefited economically from Plaintiff's work and both exercised employer functions. Employees like Plaintiff were required to wear uniforms including vests which bore the name of OnTrac.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

73. Additionally, employees, including Mr. Borges Benardo, were required to undergo drug testing as a condition of their employment.

74. Employees were told that these were mandatory policies and procedures that were permanently put into place on or around September or October of 2023.

75. Plaintiff and other similarly situated employees were required to follow OnTrac's procedures and policies, including uniform requirements, drug testing, delivery protocols, and workplace conduct rules. OnTrac directly oversaw and disciplined drivers through its own managers stationed at the terminal, including David and Branden, who exercised day-to-day supervisory authority over drivers. This direct supervision by OnTrac, combined with Perez/MVN's role in implementing OnTrac's directives, demonstrates the joint employer relationship..

76. OnTrac would give instructions to the supervisors of MVN and MVN supervisors like Vanessa would pass on these directions to employees like Mr. Borges Benardo.

77. At one point or another, employees like Plaintiff were under the responsibility and control of several managers or supervisors including David who was particularly hostile. Plaintiff also distinctly remembers there being a supervisor by the name of Branden.

78. Of note, both Branden and David both worked directly for OnTrac Shipping.

79. Both Branden and David exercised supervisory authority and made clear they acted on behalf of OnTrac as Plaintiff's joint employer. They threatened Mr. Borges Benardo with termination, imposed workplace rules (including requiring employees to speak English), belittled drivers, and exercised disciplinary authority. Drivers, including Plaintiff, reasonably understood that Branden and David had the power to affect their employment status and that disobeying them could result in termination. This direct exercise of employer authority by OnTrac's managers establishes OnTrac's role as joint employer.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

80. Employees like Plaintiff were further required to use scanners through their personal phones. On several occasions throughout the day, there would not be sufficient employees, so employees who did present to work would be asked by OnTrac to scan the belt as fast as possible.

81. When employees refused to do so, Defendant OnTrac would then report them to Defendant MVN who would then instruct or otherwise discipline the employees to do the work for OnTrac since they did not have enough workers.

82. Based on the facts set forth above, OnTrac and Perez/MVN jointly employed Plaintiff, and all similarly situated drivers within the meaning of the FLSA, 29 U.S.C. § 203(d) and (g); the Massachusetts Payment of Wages Act, M.G.L. c. 149, § 148; and the Massachusetts Minimum Fair Wages Act, M.G.L. c. 151, § 1. Both entities exercised employer functions, shared control over essential terms and conditions of employment, and are jointly and severally liable for all wage and hour violations alleged herein..

83. In the alternative, Defendants constitute a single employer of Plaintiff and/or other similarly situated individuals. OnTrac and Perez/MVN had: (a) interrelated operations, with OnTrac's delivery business entirely dependent on Perez/MVN's driver workforce; (b) common management and control, with OnTrac managers directly supervising Perez/MVN's drivers; (c) centralized control of labor relations, with both entities participating in employment decisions; and (d) common ownership or financial control, with OnTrac's business model and rates determining the compensation structure. Under the integrated enterprise test, all Defendants should be held jointly and severally liable as single employers.

**<u>Plaintiff has Exhausted his Administrative Remedies and Brings This Action.</u>**

84. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, Mr. Borges Benardo submitted his statutory claims with the Office of the Attorney General and received right to sue letter.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**DEFENDANTS' GENERAL EMPLOYMENT PRACTICES**

85. Defendants' conduct, including the failure to pay Plaintiff at the correct minimum wage or overtime premium for all the hours worked, extended beyond Plaintiff to all other similarly situated employees.

86. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work without providing the minimum wage and/or overtime compensation required by federal and state laws and regulations.

87. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and Massachusetts laws by, inter alia, not paying him the wages he was owed for the hours he worked.

88. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a), which extends the statute of limitations for FLSA violations to three years. Defendants knew or showed reckless disregard for whether their conduct violated the FLSA and Massachusetts wage laws. Specifically, Defendants: (a) deliberately structured their payment system on a per-package or per-route basis to avoid hourly wage requirements and obscure the fact that drivers earned less than minimum wage; (b) misclassified workers as independent contractors despite exercising extensive control over their work, in order to evade employer obligations; (c) failed to maintain records of hours worked, making it difficult for drivers to prove violations; (d) threatened and retaliated against drivers who questioned pay practices; (e) repeatedly reduced compensation rates while threatening drivers not to complain; and (f) continued these practices over multiple years despite complaints from drivers. This willful conduct, to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for his full hours worked, extended to all similarly situated individuals and justifies the three-year statute of limitations under the FLSA.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

89. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and Massachusetts laws.

90. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated workers.

91. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* as a collective action under 29 U.S.C. § 216(b), and for violations of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq*.; the Massachusetts misclassification laws, Mass. Gen. Laws c. 149 § 148B *et seq*., and the Massachusetts Minimum Fair Wage Act, Mass. Gen. Laws c. 151 § 1 *et seq.* as class actions under Federal Rule of Civil Procedure 23, including unpaid wages, applicable liquidated damages and treble damages, penalties, interest, attorneys' fees and costs.

92. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

93. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

94. Plaintiff also seeks certification of his Massachusetts wage law claims as class actions under Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and all other similarly situated current and former employees of Defendants.

## FLSA COLLECTIVE ACTION CLAIMS

95. Plaintiff brings his FLSA minimum and overtime wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

similarly situated persons (the "FLSA Collective Members"), i.e., persons who are or were employed as delivery drivers by Defendants or any of them in Massachusetts and were classified as independent contractors but paid on a per-package or per-route basis rather than receiving hourly wages with minimum wage and overtime compensation, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Collective Period").

96. At all relevant times, Plaintiff and other members of the FLSA Collective are similarly situated in that they worked as delivery drivers for Defendants in Massachusetts; they were misclassified as independent contractors rather than employees; they have substantially similar job requirements, duties, working conditions and pay provisions; they were compensated on a per-package or per-route basis rather than hourly wages; they regularly worked in excess of 40 hours per week; they were not paid minimum wage for all hours worked; they were not paid overtime premiums at one and one-half times the applicable minimum wage for hours worked in excess of 40 per week; they were required to use personal vehicles without adequate reimbursement; and they are or were subject to Defendants' common practices, policies, programs, procedures, protocols, plans and unlawful compensation structure including willfully failing and refusing to pay them the required minimum and overtime wage and willfully failing to keep accurate records under the FLSA as well as coercive practices designed to prevent complaints about wages.

97. The claims of Plaintiff stated herein are similar to those of the other employees. All collective members were subjected to the same unlawful policies and practices: misclassification as independent contractors, payment on a per-package or per-route basis without regard to hours worked, failure to receive minimum wage, failure to receive overtime premiums, and subjection to the same coercive workplace environment. Conditional certification and court-authorized notice to potential collective members is appropriate to allow all similarly situated individuals to assert their rights under the FLSA.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## CLASS ACTION CLAIMS

### A. Massachusetts Wage Law Classes

98. Plaintiff brings his Massachusetts wage law claims as class actions pursuant to Federal Rule of Civil Procedure 23, seeking certification of the following classes:

- **OnTrac Massachusetts Class**: All individuals who, at any time during the three years preceding the filing of this Complaint through the present, worked as delivery drivers for Defendant OnTrac in Massachusetts and were classified as independent contractors but paid on a per-package or per-route basis rather than hourly wages.
- **MVN Massachusetts Class**: All individuals who, at any time during the three years preceding the filing of this Complaint through the present, worked as delivery drivers for Defendants MVN Shipping LLC and/or Hector Perez (operating as MVN Shipping LLC) in Massachusetts and were classified as independent contractors but paid on a per-package or per-route basis rather than hourly wages.
- **Perez Massachusetts Class**: All individuals who, at any time during the three years preceding the filing of this Complaint through the present, worked as delivery drivers for Defendant Hector Perez (operating as MVN Shipping LLC or under any other name) in Massachusetts and were classified as independent contractors but paid on a per-package or per-route basis rather than hourly wages.

(Collectively, the "Massachusetts Classes")

99. Excluded from the Massachusetts Classes are: (a) Defendants and their officers, directors, and employees; (b) any judge or magistrate judge presiding over this action and their immediate family members and staff; and (c) any person who timely and validly excludes themselves from the classes.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**B. Rule 23(a) Requirements**

100. **Numerosity (Rule 23(a)(1))**: Upon information and belief, each proposed Massachusetts Class includes more than 40 members, making joinder of all members impracticable. The exact number and identities of class members are currently known only to Defendants and can be determined from Defendants' business records, including payroll records, 1099 forms, and delivery logs. Given the nature of Defendants' delivery operations and the duration of the relevant period, the classes are believed to include dozens or hundreds of members, satisfying the numerosity requirement.

101. **Commonality (Rule 23(a)(2))**: Common questions of law and fact exist as to all members of each Massachusetts Class, including but not limited to:

a. Whether Defendants misclassified Plaintiff and class members as independent contractors rather than employees under Massachusetts law;

b. Whether Defendants' classification violated M.G.L. c. 149, § 148B and the ABC test;

c. Whether Defendants failed to pay minimum wages as required by M.G.L. c. 151, § 1;

d. Whether Defendants failed to pay overtime premiums as required by M.G.L. c. 151, §§ 1A and 1B;

e. Whether Defendants failed to pay earned wages in accordance with M.G.L. c. 149, § 148;

f. Whether Defendants maintained policies and practices of compensating drivers on a per-package or per-route basis regardless of hours worked;

g. Whether Defendants' compensation structure resulted in effective hourly rates below the Massachusetts minimum wage;

h. Whether Defendants exercised sufficient control over class members to establish

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

an employment relationship under Massachusetts law;

i. Whether Defendants failed to maintain accurate records of hours worked;

j. Whether Defendants' violations were willful, in bad faith, or knowing;

k. Whether OnTrac and Perez/MVN were joint employers or operated as an integrated enterprise;

l. Whether Plaintiff and class members are entitled to unpaid wages, treble damages, liquidated damages, penalties, and attorneys' fees under Massachusetts law;

m. The proper measure and calculation of damages, treble damages, and penalties.

102. **Typicality (Rule 23(a)(3))**: Plaintiff's claims are typical of the claims of all class members. Plaintiff and all class members were subjected to the same unlawful practices: misclassification as independent contractors, compensation on a per-package or per-route basis rather than hourly wages, failure to receive minimum wage, and failure to receive overtime premiums. Plaintiff's claims arise from the same policies, practices, and course of conduct that give rise to the claims of all class members. Plaintiff seeks the same relief as all class members: unpaid wages, statutory damages, and penalties under Massachusetts wage laws.

103. **Adequacy (Rule 23(a)(4))**: Plaintiff will fairly and adequately protect the interests of the Massachusetts Classes. Plaintiff has no interests antagonistic to or in conflict with those of the classes. Plaintiff worked as a delivery driver for Defendants under the same conditions and compensation structure as all class members. Plaintiff has retained experienced counsel who are competent and qualified to conduct complex wage and hour class action litigation. Undersigned counsel have substantial experience prosecuting class and collective actions under federal and state wage and hour laws, and have the resources and commitment necessary to adequately represent the interests of the classes. Counsel will vigorously prosecute this action and will fairly and adequately represent the interests of all class members.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**C. Rule 23(b)(3) Requirements**

104. **Predominance**: Questions of law and fact common to class members predominate over any questions affecting only individual members pursuant to Federal Rule of Civil Procedure 23(b)(3). The central issues in this case—whether Defendants misclassified workers as independent contractors, whether their compensation system violated Massachusetts wage laws, whether they exercised sufficient control to establish employment status, whether OnTrac and Perez/MVN were joint employers, and whether their violations were willful, are common to all class members and are susceptible to common proof through:

a. Defendants' business records showing the compensation structure applied to all drivers;
b. Testimony regarding Defendants' uniform policies and practices;
c. 1099 forms issued to all drivers;
d. Contracts or agreements (or lack thereof) governing the relationship;
e. Evidence of Defendants' control over drivers' work;
f. Testimony from supervisors regarding company-wide practices;
g. Defendants' own admissions regarding their business model.

105. Individual damages calculations do not defeat predominance where, as here, liability can be established on a class-wide basis using common proof. Once liability is established through common evidence, individual damages can be efficiently calculated using Defendants' records or through sampling and statistical methods if necessary. The common questions regarding misclassification, minimum wage violations, overtime violations, and willfulness overwhelmingly predominate over any individual issues.

106. **Superiority**: A class action is superior to other available methods for fairly and efficiently adjudicating this controversy pursuant to Federal Rule of Civil Procedure 23(b)(3), for the following reasons:

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

a. The case challenges Defendants' systematic misclassification and wage practices affecting numerous similarly situated workers across Massachusetts;

b. Individual class members' claims may be too small in amount to justify the expense and burden of individual litigation, making class treatment essential to vindicate their statutory rights under Massachusetts wage laws;

c. Many class members may be unaware of their legal rights or the violations committed by Defendants;

d. Many class members may fear retaliation or blacklisting if they bring individual claims, as demonstrated by Defendants' retaliatory conduct toward Plaintiff;

e. Class treatment will avoid the risk of inconsistent adjudications and promote judicial economy by resolving common legal and factual issues in a single proceeding;

f. Defendants' business records will allow for efficient identification of class members and calculation of damages;

g. No unusual difficulties are likely to be encountered in the management of this class action;

h. Massachusetts wage laws are designed to be enforced through private litigation, and class actions serve the important public policy of deterring wage theft and ensuring compliance with wage and hour laws;

i. The concentration of litigation in one forum will provide substantial benefits to both the parties and the courts, avoiding duplicative litigation and inconsistent results;

j. There is no indication that any class member has a strong interest in individually controlling the prosecution of separate actions;

k. The likely difficulties in managing this case as a class action are minimal compared to the alternative of numerous individual actions or no litigation at all.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

107. Certification of the Massachusetts Classes under Federal Rule of Civil Procedure 23(b)(3) is appropriate and will provide substantial benefits to the parties, the absent class members, and the Court.

**CLAIMS FOR RELIEF**

108. Mr. Borges Benardo realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

**First Claim for Relief**

*Failure to Pay Minimum Wage – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

*(Brought on behalf of Plaintiff and the FLSA Collective Members Against All Defendants)*

109. At all relevant times, Defendants were employers of Plaintiff and all FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

110. At all relevant times, Plaintiff and all FLSA Collective Members were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

111. The FLSA requires employers to pay employees at least the federal minimum wage for all hours worked. 29 U.S.C. § 206(a).

112. Defendants willfully violated 29 U.S.C. § 206(a) by failing to pay Plaintiff and FLSA Collective Members the applicable minimum wage for all hours worked. Specifically, Defendants:

a. Compensated Plaintiff and FLSA Collective Members on a per-package or per-route basis without regard to hours worked;

b. Failed to track or record the hours Plaintiff and FLSA Collective Members actually worked;

c. Required Plaintiff and FLSA Collective Members to work extensive hours, often 12-20 hours per day and 80-140 hours per week, while paying amounts that resulted in

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

effective hourly rates far below the federal minimum wage of $7.25 per hour;

d. Failed to pay Plaintiff any wages whatsoever for his final workweek of employment;

e. Knew or showed reckless disregard for whether their compensation structure violated the FLSA's minimum wage requirements.

113. As a direct and proximate result of Defendants' willful violations, Plaintiff and FLSA Collective Members suffered damages in the form of unpaid minimum wages.

114. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a), justifying a three-year statute of limitations.

115. Pursuant to 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover: (a) unpaid minimum wages; (b) an additional equal amount as liquidated damages; (c) reasonable attorneys' fees; and (d) costs of this action.

## Second Claim for Relief

*Failure to Pay Overtime – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

*(Brought on behalf of Plaintiff and the FLSA Collective Members Against All Defendants)*

116. The FLSA requires employers to pay employees at a rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a)(1).

117. Defendants willfully violated 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff and FLSA Collective Members overtime compensation at the rate of one and one-half times the regular rate (or at minimum, one and one-half times the applicable minimum wage) for hours worked in excess of 40 per workweek. Specifically, Defendants:

a. Required Plaintiff and FLSA Collective Members to work well in excess of 40 hours per workweek, often working 80-140 hours per week;

b. Compensated Plaintiff and FLSA Collective Members on a per-package or per-

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

route basis without any overtime premium for hours over 40;

c. Failed to track or record the overtime hours Plaintiff and FLSA Collective Members actually worked;

d. Knew or showed reckless disregard for whether their compensation structure violated the FLSA's overtime requirements.

118. As a direct and proximate result of Defendants' willful violations, Plaintiff and FLSA Collective Members suffered damages in the form of unpaid overtime compensation.

119. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a), justifying a three-year statute of limitations.

120. Pursuant to 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover: (a) unpaid overtime compensation; (b) an additional equal amount as liquidated damages; (c) reasonable attorneys' fees; and (d) costs of this action.

**Third Claim for Relief**

*Retaliation – Fair Labor Standards Act,*

*29 U.S.C. § 215(a)(3)*

*(Brought on behalf of Plaintiff against All Defendants)*

121. Plaintiff realleges and incorporates by reference all preceding paragraphs.

122. Section 215(a)(3) of the FLSA prohibits retaliation against employees and former employees who assert their rights under the FLSA. Specifically, the FLSA prohibits any person from discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding. 29 U.S.C. § 215(a)(3).

123. Plaintiff engaged in protected activity under the FLSA by:

a. Questioning Defendants about their wage practices and compensation structure;

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

b. Complaining to Defendants, alongside other drivers, about the failure to pay minimum wage and overtime;

c. Seeking legal counsel regarding Defendants' wage violations;

d. Filing administrative complaints with the Massachusetts Attorney General's Office regarding wage violations;

e. Preparing to file this lawsuit to vindicate his rights under the FLSA.

124. Defendants were aware of Plaintiff's protected activity.

125. Defendants retaliated against Plaintiff because of his protected activity by:

a. Terminating his employment on July 31, 2024;

b. Threatening him with police intervention for seeking legal remedies;

c. Contacting his subsequent employers to prevent him from securing employment, including falsely claiming to have a restraining order against him;

d. Publicly disparaging him in meetings with current employees;

e. Sending messages in group chats calling him derogatory names designed to discourage other employees from engaging in protected activity;

f. Threatening to send police to his new place of employment;

g. Creating a hostile environment designed to deter him and other employees from asserting their rights under the FLSA.

126. A reasonable employee would be dissuaded from engaging in protected activity under the FLSA as a result of Defendants' retaliatory conduct.

127. Defendants' retaliatory conduct was intentional, willful, and in bad faith.

128. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered damages including lost wages, emotional distress, damage to his professional reputation, and difficulty securing subsequent employment.

129. Pursuant to 29 U.S.C. § 216(b) and § 215(a)(3), Plaintiff is entitled to recover: (a)

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

compensatory damages; (b) liquidated damages; (c) reinstatement or front pay; (d) reasonable attorneys' fees; and (e) costs of this action.

**Fourth Claim for Relief**

*Non-Payment of Wages – Massachusetts Payment of Wages Act,*

*Mass. Gen. Laws c. 149 § 148 et seq.*

*(Brought on behalf of Plaintiff and the Massachusetts Classes Against All Defendants)*

130. At all relevant times, Defendants were employers of Plaintiff and all Massachusetts Class members within the meaning of M.G.L. c. 149, § 148.

131. At all relevant times, Plaintiff and all Massachusetts Class members were employees of Defendants within the meaning of M.G.L. c. 149, § 148.

132. Under the Massachusetts Payment of Wages Act, employers must pay employees all wages earned within specified timeframes. M.G.L. c. 149, § 148. When an employee is terminated, all earned wages must be paid in full on the day of discharge. For employees who remain employed, wages must be paid at least weekly or bi-weekly within six days after the end of the pay period in which the wages were earned. *Id.*

133. The Wage Act prohibits employers from withholding or diverting any portion of an employee's wages unless specifically authorized by law or the employee. M.G.L. c. 149, § 150.

134. The Wage Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.*

135. Defendants violated M.G.L. c. 149, § 148 by:

a. Failing to pay Plaintiff any wages whatsoever for his final workweek of employment;

b. Failing to pay Plaintiff all earned wages on the date of his termination;

c. Failing to pay Plaintiff and Class members weekly or within six days after the end of each pay period;

d. Withholding portions of wages for purported "insurance" and application fees without proper authorization;

e. Failing to compensate Plaintiff and Class members for all hours worked, including sorting and preparation time;

f. Providing compensation that, when calculated on an hourly basis, fell below the amounts owed under minimum wage and overtime laws.

136. As a direct result of Defendants' violations, Plaintiff and Massachusetts Class members suffered damages in the form of unpaid wages.

137. Pursuant to M.G.L. c. 149, § 150, Plaintiff and Massachusetts Class members are entitled to recover: (a) all unpaid wages; (b) treble damages on all unpaid wages; (c) reasonable attorneys' fees; and (d) costs of this action.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Fifth Claim for Relief**

*Failure to Pay Overtime Wages – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. Laws c. 151 §§ 1A, 1B*

*(Brought on behalf of Plaintiff and the Massachusetts Classes Against All Defendants)*

138. At all relevant times, Defendants were employers of Plaintiff and all Massachusetts Class members within the meaning of M.G.L. c. 149, § 148.

139. At all relevant times, Plaintiff and all Massachusetts Class members were employees of Defendants within the meaning of M.G.L. c. 149, § 148.

140. Under the Massachusetts Payment of Wages Act, employers must pay employees all wages earned within specified timeframes. M.G.L. c. 149, § 148. When an employee is terminated, all earned wages must be paid in full on the day of discharge. For employees who remain employed, wages must be paid at least weekly or bi-weekly within six days after the end of the pay period in which the wages were earned. *Id.*

141. The Wage Act prohibits employers from withholding or diverting any portion of an

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

employee's wages unless specifically authorized by law or the employee. M.G.L. c. 149, § 150.

142. The Wage Act imposes strict liability on employers for late payment or nonpayment of wages. Wiedmann v. The Bradford Group, Inc., 444 Mass. 698 (2005).

143. Defendants violated M.G.L. c. 149, § 148 by:

a. Failing to pay Plaintiff any wages whatsoever for his final workweek of employment;
b. Failing to pay Plaintiff all earned wages on the date of his termination;
c. Failing to pay Plaintiff and Class members weekly or within six days after the end of each pay period;
d. Withholding portions of wages for purported "insurance" and application fees without proper authorization;
e. Failing to compensate Plaintiff and Class members for all hours worked, including sorting and preparation time;
f. Providing compensation that, when calculated on an hourly basis, fell below the amounts owed under minimum wage and overtime laws.

144. As a direct result of Defendants' violations, Plaintiff and Massachusetts Class members suffered damages in the form of unpaid wages.

145. Pursuant to M.G.L. c. 149, § 150, Plaintiff and Massachusetts Class members are entitled to recover: (a) all unpaid wages; (b) treble damages on all unpaid wages; (c) reasonable attorneys' fees; and (d) costs of this action.

## Sixth Claim for Relief

*Failure to Pay Minimum Wages – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. Laws c. 151 §§ 1,7*

*(Brought on behalf of Plaintiff and the Massachusetts Classes Against All Defendants)*

146. Plaintiff realleges and incorporates by reference all preceding paragraphs.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

147. Under M.G.L. c. 151, § 1, employers must pay employees at least the Massachusetts minimum wage for all hours worked. During Plaintiff's employment, the Massachusetts minimum wage was $14.25 per hour (2022) and $15.00 per hour (2023-2024).

148. Defendants violated M.G.L. c. 151, §§ 1 and 7 by:

a. Failing to pay Plaintiff and Massachusetts Class members the applicable minimum wage for all hours worked;

b. Compensating Plaintiff and Class members on a per-package or per-route basis that resulted in effective hourly rates far below minimum wage;

c. Failing to pay Plaintiff any wages for his final workweek of employment;

d. Requiring deductions for "insurance" and applications that further reduced compensation below minimum wage;

e. Willfully structuring their compensation system to evade minimum wage obligations.

149. As a direct result of Defendants' violations, Plaintiff and Massachusetts Class members suffered damages in the form of unpaid minimum wages.

150. Defendants' violations were knowing, willful, and in bad faith.

151. Pursuant to M.G.L. c. 151, § 1 and M.G.L. c. 149, § 150, Plaintiff and Massachusetts Class members are entitled to recover: (a) all unpaid minimum wages; (b) treble damages; (c) reasonable attorneys' fees; and (d) costs of this action.

## Seventh Claim for Relief

*Misclassification as Independent Contractor - Mass. Gen. Laws c. 149 §§ 148B, 150*

*(Brought on behalf of Plaintiff and the Massachusetts Classes Against All Defendants)*

152. Under M.G.L. c. 149, § 148B, an individual performing services for another is presumed to be an employee unless the hiring entity establishes all three prongs of the ABC test:

153. (A) the individual is free from control and direction in connection with the

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

performance of the service, both under his contract and in fact;

154. (B) the service is performed outside the usual course of the business of the employer; and

155. (C) the individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

156. Defendants cannot satisfy any prong of the ABC test, let alone all three prongs.

157. **Prong A**: Plaintiff and Massachusetts Class members were not free from Defendants' control and direction. Defendants:

158. a. Required use of uniforms bearing OnTrac's name; b. Mandated specific delivery routes and schedules; c. Required use of tracking applications to monitor location and hours; d. Prohibited refusal of assignments; e. Required completion of all deliveries regardless of time required; f. Imposed drug testing requirements; g. Exercised disciplinary authority including public shaming and threats of termination; h. Required permission for time off; i. Prohibited time off during certain periods; j. Unilaterally set and repeatedly changed compensation rates; k. Required attendance at meetings and compliance with workplace policies; l. Supervised work through on-site managers.

159. **Prong B**: Plaintiff and Class members' services were not performed outside the usual course of Defendants' business. Delivery driving is the core function and primary business of Defendants—without drivers, Defendants cannot operate.

160. **Prong C**: Plaintiff and Class members were not customarily engaged in independently established trades or businesses. They:

161. a. Had no ability to provide services to other clients; b. Could not negotiate rates or attract their own customers; c. Had no realistic opportunity to earn profits based on managerial skill; d. Worked full-time (and beyond) for Defendants, precluding independent business

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

operations; e. Were not in business for themselves.

162. Defendants' misclassification of Plaintiff and Massachusetts Class members as independent contractors was willful, knowing, and in bad faith, designed to evade Massachusetts wage and hour laws.

163. As a direct result of Defendants' misclassification, Plaintiff and Massachusetts Class members were denied: (a) minimum wage; (b) overtime premiums; (c) timely payment of wages; (d) reimbursement of business expenses; and (e) other benefits and protections afforded to employees under Massachusetts law.

164. Pursuant to M.G.L. c. 149, § 148B and § 150, Plaintiff and Massachusetts Class members are entitled to recover: (a) all unpaid wages; (b) treble damages; (c) civil penalties; (d) reasonable attorneys' fees; and (e) costs of this action.

**Eighth Claim for Relief**

*Retaliation – Massachusetts Payment of Wages Act,*

*Mass. Gen. Laws c. 149 § 148A*

*(Brought on behalf of Plaintiff Against All Defendants)*

165. M.G.L. c. 149, § 148A prohibits employers from retaliating against employees who assert their rights under Massachusetts wage laws.

166. Plaintiff engaged in protected activity by:

167. a. Questioning and complaining about Defendants' wage practices; b. Filing administrative complaints with the Massachusetts Attorney General; c. Seeking legal counsel regarding wage violations; d. Preparing to file this lawsuit.

168. Defendants retaliated against Plaintiff as detailed in paragraphs 59-62 and 120-122.

169. As a direct result, Plaintiff suffered damages including lost wages, emotional distress, and damage to his professional reputation.

170. Pursuant to M.G.L. c. 149, § 148A, Plaintiff is entitled to recover: (a) compensatory

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

damages; (b) treble damages; (c) reinstatement or front pay; (d) reasonable attorneys' fees; and (e) costs of this action.

**Ninth Claim for Relief**

*Retaliation– Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. Laws c. 151 §§ 19(1), (5)*

*(Brought on behalf of Plaintiff Against All Defendants)*

171. M.G.L. c. 151, § 19(1) makes it unlawful for any employer to discharge, discipline, or otherwise discriminate against any employee because the employee has made a complaint to the employer or to the Attorney General that the employer has engaged in conduct that the employee believes violates M.G.L. c. 151.

172. M.G.L. c. 151, § 19(5) makes it unlawful to discharge, discipline, threaten, or otherwise penalize an employee in retaliation for exercising or attempting to exercise any right afforded by M.G.L. c. 151.

173. Plaintiff engaged in protected activity by complaining about Defendants' violations of M.G.L. c. 151, including failure to pay minimum wage and overtime premiums.

174. Defendants retaliated against Plaintiff through the conduct detailed herein, including termination, blacklisting, and threats.

175. Defendants' retaliatory conduct was intentional and designed to punish Plaintiff for asserting his rights and to deter other employees from doing the same.

176. As a direct result, Plaintiff suffered damages including lost wages, emotional distress, and damage to his professional reputation.

177. Pursuant to M.G.L. c. 151, § 19 and M.G.L. c. 149, § 150, Plaintiff is entitled to recover: (a) compensatory damages; (b) treble damages; (c) civil penalties; (d) reinstatement or front pay; (e) reasonable attorneys' fees; and (f) costs of this action..

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## PRAYER FOR RELIEF

WHEREFORE, Mr. Borges Benardo prays and respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wage and/or overtime for all hours worked over forty (40) in a work week.

B. Conditional certification of the FLSA Collective as defined herein, pursuant to 29 U.S.C. § 216(b).

C. Certification of the Massachusetts Classes as defined herein pursuant to Federal Rule of Civil Procedure 23(b)(3).

D. Designation of Plaintiff as Collective and Class Representative and counsel of record as Collective and Class Counsel.

E. Direction to Defendants to provide contact information for all potential FLSA Collective Members and Massachusetts Class Members to facilitate notice.

F. A declaratory judgment that Plaintiff and all FLSA Collective Members and Massachusetts Class Members were employees, not independent contractors, under the FLSA and Massachusetts law.

G. A declaratory judgment that Defendants OnTrac and Perez/MVN were joint employers of Plaintiff and all Collective and Class Members, or in the alternative, operated as a single integrated enterprise.

H. A declaratory judgment that Defendants violated the FLSA by failing to pay minimum wage and overtime compensation.

I. A declaratory judgment that Defendants violated Massachusetts wage laws

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

including M.G.L. c. 149, § 148; M.G.L. c. 151, §§ 1, 1A, 1B; and M.G.L. c. 149, § 148B.An award of all unpaid minimum wages owed to Plaintiff and all Collective and Class Members under the FLSA and Massachusetts law.

J. An award of all unpaid overtime compensation owed to Plaintiff and all Collective and Class Members under the FLSA and Massachusetts law.

K. An award of liquidated damages equal to the unpaid wages under the FLSA, 29 U.S.C. § 216(b).

L. An award of treble damages under Massachusetts law, M.G.L. c. 149, § 150 and M.G.L. c. 151, § 1B.

M. An award of all civil penalties available under Massachusetts law.

N. An award of compensatory damages for retaliation, including lost wages, emotional distress, and damage to professional reputation.

A. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated, specifically prohibiting Defendants from: a. Misclassifying employees as independent contractors; b. Failing to pay minimum wage and overtime compensation; c. Retaliating against employees who assert their rights; d. Continuing the unlawful practices alleged herein; and specifically directing Defendants to: a. Properly classify all delivery drivers as employees; b. Maintain accurate time and payroll records; c. Pay all employees on an hourly basis with proper minimum wage and overtime compensation; d. Cease all retaliatory conduct; e. Post notice of employee rights in conspicuous locations.

B. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiff whole for all earnings and benefits Plaintiff would have received but for the violations.

C. An award of all actual, general, special, incidental, statutory, punitive,

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

compensatory, liquidated, consequential, and/or restitutionary damages to which Plaintiff is entitled.

D. An award of prejudgment interest, reasonable attorneys' fees, and costs;

E. A reasonable incentive award for the lead Plaintiff to compensate them for the time he spent attempting to recover wages for Class Members and for the risks they took in doing so; and

F. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: March 16, 2026

**ODU LAW FIRM, LLC**

By: */s/ Maria Cedeno Cassinelli*

**Maria Cedeno Cassinelli, Esq.**
BBO #712274
**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
mcedeno@odulawfirm.com
Odu@odulawfirm.com

**ATTORNEYS FOR PLAINTIFF, ELINTON BORGES BENARDO AND OTHERS SIMILARLY SITUATED**

ODU LAW FIRM, LLC
For the Injured & Disabled

ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office: (401) 209-2029
Fax: (401) 217-2299
E-mail: odu@odulawfirm.com
Web: www.odulawfirm.com

May 15, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: Elinton Borges Benardo

Legal representative: ODU Law Firm, LLC

Signature: ______________________
ID bz4gAK68ZnDLpN9EXPMAkRT8

Date: 5/19/2025